Exhibit A



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2020-00003942-CU-OE-CTL        CASE TITLE: Ramirez vs Towne Park LLC [E-FILE]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
       **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
       **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
       **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**<u>Potential Advantages and Disadvantages of ADR</u>**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**<u>Most Common Types of ADR</u>**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at <u>www.ncrconline.com</u> or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at <u>www.nclifeline.org</u> or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:         330 West Broadway<br>MAILING ADDRESS:      330 West Broadway<br>CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827<br>BRANCH NAME:          Central | |

| PLAINTIFF(S):    Alan Ramirez |
|---|
| DEFENDANT(S): Towne Park LLC |
| SHORT TITLE:     RAMIREZ VS TOWNE PARK LLC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2020-00003942-CU-OE-CTL |
|---|---|

Judge: Katherine Bacal                                      Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)                    ☐   Non-binding private arbitration

☐   Mediation (private)                                   ☐   Binding private arbitration

☐   Voluntary settlement conference (private)    ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                        ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


_____               _____
Name of Plaintiff                                              Name of Defendant


_____               _____
Signature                                                        Signature


_____               _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney


_____               _____
Signature                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  01/24/2020                                            _____
                                                                        JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7069 | |

| PLAINTIFF(S) / PETITIONER(S): Alan Ramirez |
|---|
| DEFENDANT(S) / RESPONDENT(S): Towne Park LLC |
| |
| RAMIREZ VS TOWNE PARK LLC [E-FILE] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2020-00003942-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Katherine Bacal                                              Department: C-69

**COMPLAINT/PETITION FILED:** 01/23/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/04/2020 | 10:00 am | C-69 | Katherine Bacal |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>TOWNE PARK, LLC, a Maryland limited liability company; and DOES 1 through 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ALAN RAMIREZ, individually and on behalf of all others similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**01/23/2020** at 04:44:40 PM<br>Clerk of the Superior Court<br>By Linda Sheffa,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court<br><br>330 West Broadway, San Diego, California 92101<br>Hall of Justice Center | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2020-00003942-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeff Geraci, Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101; 619.595.3001

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 01/24/2020 | Clerk, by<br>*(Secretario)*  *L. Shebba*  L. Sheffa | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Towne Park, LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)  ☒ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Ex. A, Pg. 28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeff Geraci (SBN 151519)<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**01/23/2020** at 04:44:40 PM<br><br>Clerk of the Superior Court<br>By Linda Sheffa,Deputy Clerk |

TELEPHONE NO.: 619-595-3001   FAX NO.: 619-595-3000

ATTORNEY FOR *(Name):* Plaintiff ALAN RAMIREZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
RAMIREZ v. TOWNE PARK, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2020-00003942-CU-OE-CTL |
| | | | JUDGE: Judge Katherine Bacal |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seventeen (17)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 23, 2020

Jeff Geraci
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Ex. A, Pg. 29

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Ex. A, Pg. 30

**COHELAN KHOURY & SINGER**
Isam C. Khoury, Esq. (SBN 58759)
    ikhoury@ckslaw.com
Michael D. Singer, Esq. (SBN 115301)
    msinger@ckslaw.com
Jeff Geraci, Esq. (SBN 151519)
    jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, California 92101
Telephone:    (619) 595-3001
Facsimile:    (619) 595-3000

**FERRARO EMPLOYMENT LAW, INC.**
Nicholas J. Ferraro, Esq. (SBN 306528)
    nick@ferraroemploymentlaw.com
2305 Historic Decatur Road, Suite 100
San Diego, California 92106
Telephone:    (619) 693-7727
Facsimile:    (202) 759-3965

Attorneys for Plaintiff ALAN RAMIREZ

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**01/23/2020** at 04:44:40 PM

Clerk of the Superior Court
By Linda Sheffa, Deputy Clerk

37-2020-00003942-CU-OE-CTL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ALAN RAMIREZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>TOWNE PARK, LLC, a Maryland limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT**<br>**FOR DAMAGES AND PENALTIES**<br><br>1.  Failure to Pay All Wages<br>2.  Failure to Pay Overtime Wages<br>3.  Meal Period Violations<br>4.  Rest Period Violations<br>5.  Wage Statement Violations<br>6.  Waiting Time Penalties<br>7.  Failure to Reimburse Business Expenses<br>8.  Failure to Produce Employment Records<br>9.  Unfair Business Practices<br>10. PAGA - Failure to Pay All Wages<br>11. PAGA - Meal Period Violations<br>12. PAGA - Rest Period Violations<br>13. PAGA - Wage Statement Violations<br>14. PAGA - Waiting Time Penalties<br>15. PAGA - Expense Reimbursement<br>16. PAGA - Employment Records<br>17. PAGA - Employment Records (§1174)<br><br>**DEMAND FOR JURY TRIAL** |

1      Plaintiff ALAN RAMIREZ ("Plaintiff"), individually and on behalf of all others similarly

2  situated, and as a representative of the State of California, alleges as follows:

3                     **INTRODUCTION**

4      1.     Plaintiff Alan Ramirez brings this representative and proposed class action against

5  TOWNE PARK, LLC, and DOES 1 through 10, inclusive, ("Defendants") for unpaid wages,

6  overtime wages at the regular rate, meal and rest period violations, wage statement violations,

7  waiting time penalties, unreimbursed business expenses, and unfair business practices, for four

8  years before filing this action. ("Class Period").

9      2.     Plaintiff gave notice of these claims to Defendants and the California Labor and

10  Workforce Development Agency ("LWDA"). There has been no notice of LWDA intervention,

11  nor cure by Defendants. Plaintiff asserts claims for civil penalties as a representative of the State of

12  California, and to the extent permitted by law, on behalf of the all aggrieved current and former

13  employees of Defendants. Private Attorneys General Act ("PAGA") Labor Code §§ 2698 *et seq*

14  2699.3(a)(2)(C).   A true and correct copy of the November 18, 2019 notice is attached and

15  demonstrates Plaintiff is an aggrieved employee with standing to bring representative claims on

16  behalf of the State, LWDA, other aggrieved employees. **Exhibit 1**

17      3.     Plaintiff seeks to represent all current and former non-exempt employees of

18  Defendants who suffered one or more of the alleged violations ("aggrieved employees") during the

19  PAGA limitations period (one year and 65 days prior to the commencement of this action until the

20  commencement of trial in this matter). Labor Code section 2698, *et seq*.

21             **I.**    **JURISDICTION AND VENUE**

22      4.     Venue as to each Defendant is proper in this judicial district. Code of Civil

23  Procedure, § 395. Defendants conduct business in San Diego County, and all are within the

24  jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct

25  effect on Plaintiff and those similarly situated within California and San Diego County. The San

26  Diego County also has jurisdiction because individual class member claims are under the $75,000

27  jurisdictional threshold for federal jurisdiction and the aggregate claim is under $5,000,000

28  threshold of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332.

Class Action and PAGA Complaint

1    5.    There is no federal question, the issues are based solely on California law, including

2  the Labor Code, IWC Wage Orders, Code of Civil Procedure, and Business and Professions Code.

3    6.    Over two-thirds or more of the proposed class are or at all relevant times were,

4  California residents and Plaintiff alleges this is a local case or controversy not subject to CAFA.

5    7.    As a PAGA action, this matter is not subject to removal. 28 U.S.C. §§ 1332(a)-(d).

6                              **II.    PARTIES**

7    8.    ALAN RAMIREZ is a California resident. From about May 2019 through

8  September 2019, he was employed with TOWNE PARK, LLC as a "guest service associate," also

9  known as a valet attendant, hotel valet attendant.

10   9.    TOWNE PARK, LLC is a Maryland limited liability company.

11   10.   True names and capacities of DOES 1 through 10 are unknown to Plaintiff, who

12  sues them by fictitious names. Code of Civil Procedure § 474. Plaintiff is informed, believes, and

13  alleges, each DOE Defendant is legally responsible in some manner for unlawful acts alleged.

14  Plaintiff will amend to add names and capacities of DOE Defendants when they become known.

15   11.   Plaintiff is informed and believes each Defendant acted in all respects pertinent to

16  this action as the agent of the other Defendants, carried out a joint scheme, plan or policy, and the

17  acts of each Defendant are legally attributable to the other Defendants. Based on employment

18  records and policies and control over Plaintiff, Defendant employed Plaintiff.

19                        **III.    GENERAL ALLEGATIONS**

20   12.   Plaintiff re-alleges all preceding paragraphs.

21   13.   Defendants provide hospitality and parking services to hotels, restaurants, casinos,

22  airports, healthcare providers, and others. Defendants employ more than 14,000 associates

23  throughout California. Defendants maintain common payroll policies and practices and manage

24  these employee functions using common administrators in centralized locations.

25   14.   Plaintiff and other similarly-situated persons were paid as hourly, non-exempt

26  employee by Defendants, and earned compensation in addition to hourly wages, including

27  "Holiday Premiums" and shift differentials. Plaintiff and other similarly-situated persons also

28  earned compensation at multiple hourly rates each week and during each pay period.

Class Action and PAGA Complaint

1       15.    Plaintiff worked more than 40 hours per workweek and 8 hours per workday during

2   the Class Period.

3       16.    Defendants failed to include all forms of renumeration (including but not limited to

4   Holiday Premiums, multiple hourly rates, and Shift Differentials) in the regular rate of pay for

5   purposes of calculating and paying the correct overtime rate and, as a result, underpaid overtime

6   wages for Plaintiff and other similarly-situated employees.

7       17.    Defendants maintained a policy and practice requiring Plaintiff and putative class

8   members to serve clients at all times, by parking or retrieving cars or meeting other demands. As a

9   result, Plaintiff and the putative class remained subject to Defendants' control during meal and rest

10   periods, and, if begun, these periods were often late, interrupted, or cut short. Defendants

11   maintained a policy requiring employees to clock out for meal periods, whether taken or not,

12   which forced Plaintiff and the putative class to work off the clock to complete necessary work.

13       18.    Plaintiff and the putative class were not paid all premium wages for non-compliant

14   meal or rest periods. Plaintiff received only one rest period premium during his employment.

15       19.    During Plaintiff's employment, he and other similarly-situated employees used

16   personal cell phones to maintain necessary communications with coworkers and serve customers.

17   Defendants did not reimburse Plaintiff or putative class members for work-related cell phone use.

18       20.    Defendants' policy and practice of not paying all wages and premiums owed

19   resulted in Defendants failing to timely pay all final wages owed at termination of employment.

20   Plaintiff alleges Defendants also maintain a policy of underpaying waiting time penalties when due

21   by terminating an employee on one day and then registering the termination through human

22   resources days later and not providing the employee's final paycheck until the later date.

23       21.    Defendants' are liable for waiting time penalties to Plaintiff and the putative class

24   for not timely paying all amounts owed to them upon termination of employment.

25       22.    As a result of Defendants' violations, not all wage statements accurately state hours

26   worked, gross and net wages earned and paid, all hourly rates in effect, and corresponding number

27   of hours worked at each hourly rate on each wage statement. On many wage statements it could

28   not be determined if rates or amounts earned and paid were correctly calculated by Defendant.

23.     As an example of these violations, Defendants paid numerous hourly rates to Plaintiff and the putative class during certain pay periods, including during Plaintiff's pay period 09/02/2019 to 09/15/2019 (check date: 09/20/2019). The basis of the overtime rates earned or paid, including the regular rates used, cannot be determined by Plaintiff and other putative class members using simple arithmetic. To the extent these rates and wages could be determined, it would be necessary for putative class members to be provided additional documents to do so.

24.     Plaintiff made numerous requests to Defendants to inspect or obtain employment records under Labor Code section 226, 432, 1198.5 and IWC Wage Orders, including IWC Wage Order No. 5, but Defendants' withheld and refused to provide all records required by these laws, including (without limitation) signed background check authorization forms and time records.

25.     As a result of Defendants' other violations, it failed to keep all required records for Plaintiff and the putative class and violated, among others, Labor Code sections 1174 and 1174.5.

## IV.   CLASS ACTION ALLEGATIONS

26.     Plaintiff seeks to represent a Plaintiff Class defined as:

All persons employed by Defendants' as non-exempt Guest Service Associates, Valets, Attendants, or in similar positions, at any time starting four years from the filing of this Complaint.

27.     Plaintiff seeks to certify a subclass defined as:

**Unpaid Wage Subclass**

All Plaintiff Class members not paid all regular wages for all hours worked.

28.     Plaintiff seeks to certify a subclass defined as:

**Overtime Subclass**

All Plaintiff Class members not paid all overtime wages for all hours worked over eight per day or forty per week.

29.     Plaintiff seeks to certify a subclass defined as:

**Meal Period Subclass**

All Plaintiff Class members who worked shifts of five hours or more without a duty-free meal period of at least 30 minutes, and not paid one hour at the regular rate for each of those days.

- 4 -

30.    Plaintiff seeks to certify a subclass defined as:

**Rest Period Subclass**

All Plaintiff Class members who worked shifts of four hours or a major fraction thereof without being authorized or permitted a rest period of at least 10 minutes and were not paid one hour at the regular rate for each of those days.

31.    Plaintiff seeks to certify a subclass defined as:

**Waiting Time Subclass**

All members of the Plaintiff Class to whom Defendants failed to pay all wages due to them upon termination or resignation under Labor Code, §§ 201-203.

32.    Plaintiff seeks to certify a subclass defined as:

**Wage Statement Subclass**

All Plaintiff Class members to whom Defendants improperly failed to provide accurate itemized wage statements under Labor Code § 226.

33.    Plaintiff seeks to certify a subclass of employees defined as follows:

**UCL Subclass**

All members of the Unpaid Wage, Overtime, Meal Period, Rest Period and Reimbursement Subclasses.

34.    Plaintiff seeks to certify a subclass defined as:

**Reimbursement Subclass**

All members of the Plaintiff Class who used personal cell phones for Defendants' business purposes, but were not reimbursed.

35.    Plaintiff seeks to certify a subclass defined as:

**Records Request Subclass**

All members of the Plaintiff Class who made a written request for employment records, signed documents, and payroll records.

36.    Plaintiff reserves the right to modify the Class description or further divide it into subclasses or limit it to particular issues. California Rules of Court, Rule 3.765(b).

37.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

**A.    Ascertainable Class**

38.    The proposed class and subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

**B.    Numerosity**

39.    While the precise number of Class Members has not yet been determined, Plaintiff is informed and believes there are over 1,000 putative Class members in California affected by Defendants' policies. Joinder of all members of the proposed Class is not practicable.

**C.    Commonality**

40.    There are questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Common questions are set forth in each of the causes of action throughout this Complaint.

**D.    Typicality**

41.    The claims of the named Plaintiff are typical of the claims of the proposed Plaintiff Class. Plaintiff and all members of the Class and subclasses sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged.

**E.    Adequacy of Representation**

42.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Proposed Class Counsel, Cohelan Khoury & Singer and Ferraro Employment Law, Inc., who represent Plaintiff, are competent and experienced in litigating employment class actions. Plaintiff is aware and understands his obligations to faithfully assist in the preparation of the case and to make decisions in the best interests of the putative class.

**F.    Superiority of Class Action**

43.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class member has been damaged and is entitled to recovery by Defendants' illegal policies and practices, and a Class action allows them to litigate their claims in the most efficient and economical manner for the parties and judicial system. There are no likely difficulties managing this action that preclude its maintenance as a class action.

- 6 -

44.     The predominating common questions of law and fact include:

a. Whether Defendants violated the law by failing to properly calculate Plaintiff Class Members' regular rate of pay;

b. Whether Defendants violated California law by failing to properly compensate Plaintiff Class Members for all overtime hours;

c. Whether the Plaintiff Class is entitled to penalties under Section 226;

d. Whether the Plaintiff Class is entitled to waiting time penalties under Section 203;

e. Whether Defendants violated Labor Code sections 203, 226, and 1194; and IWC Wage Orders, and whether that violates fundamental public policy;

f. Whether Defendants are liable for equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES
### (ALL CLAIMS ARE ALLEGED AGAINST ALL DEFENDANTS)

45.     Plaintiff incorporates the preceding paragraphs of this Complaint.

46.     By failing to pay all wages for hours Plaintiff and putative class members were under their control, including when clocked out for meal periods, but continuing to work, Defendants failed to pay minimum, regular, and overtime wages and violated Labor Code section 1194 and IWC Wage Orders, including 5-2001.

47.     Defendants' unlawful acts deprived Plaintiff and putative class members of minimum, regular, and overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with liquidated damages for unpaid minimum wages, and interest, attorneys' fees, and costs.

### SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES

48.     Plaintiff incorporates the preceding paragraphs of this Complaint

49.     By their failure to record all time Plaintiff and putative class members were under their control, and by their failure to correctly calculate the regular rate of pay, Defendants failed to

- 7 -

1  pay all overtime wages earned, for hours worked over eight (8) hours in one day or forty (40)

2  hours in one week, and violated provisions of Labor Code section 1194 and IWC Wage Orders,

3  including 5-2001.

4    50. Defendants' unlawful acts deprived Plaintiff putative class members of overtime

5  wages in amounts to be determined at trial, and they are entitled to recover these amounts, along

6  with interest, attorneys' fees, and costs.

7  **THIRD CAUSE OF ACTION**
**MEAL PERIOD VIOLATIONS**

8

9    51. Plaintiff incorporates the preceding paragraphs of this Complaint.

10    52. By failing to provide duty-free meal periods of at least thirty (30) minutes for shifts

11  of five hours or more, which began before the end of the fifth hour of work, and failing to pay such

12  employees premium wages of one (1) hour of pay at their regular rate of compensation for each

13  workday the meal period was not provided, Defendants willfully violated the provisions of Labor

14  Code sections 226.7 and IWC Wage Orders, including 5-2001.

15    53. By failing to correctly calculate the regular rate of pay, by failing to include all

16  compensation earned during the pay period, Defendants failed to pay all premium wages owed.

17    54. Defendants' unlawful acts deprived Plaintiff and the members of the Plaintiff Class

18  and Subclasses Plaintiff seeks to represent of premium wages and/or other compensation in

19  amounts to be determined at trial, and they are entitled to recover such amounts, plus interest,

20  attorneys' fees, and costs.

21  **FOURTH CAUSE OF ACTION**
**REST PERIOD VIOLATIONS**

22

23    55. Plaintiff incorporates the preceding paragraphs of this Complaint.

24    56. By failing to authorize and permit Plaintiff to receive a rest period of at least 10

25  minutes on for every four (4) hours or major fraction thereof worked per day, and by failing to

26  provide premium wages at the regular rate of pay when these periods were not permitted or

27  authorized, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC

28  Wage Orders, including 5-2001.

- 8 -
Class Action and PAGA Complaint

1    57.    Defendants' unlawful acts deprived Plaintiff and the members of the Plaintiff Class
2  and Subclasses Plaintiff seeks to represent of premium wages and/or other compensation in
3  amounts to be determined at trial, and they are entitled to recover such amounts, plus interest,
4  attorneys' fees, and costs.

5                        **FIFTH CAUSE OF ACTION**
                **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
6

7    58.    Plaintiff incorporates all preceding paragraphs of this Complaint.

8    59.    Defendants must itemize in wage statements all deductions from payment of wages
9  and to accurately report, among other things, total hours worked, all hourly wage rates earned, and
10 gross and net wages earned. Labor Code § 226(a). Defendants knowingly and intentionally failed
11 to comply with Labor Code section 226(a) on wage statements provided to Plaintiff and members
12 of the Wage Statement Subclass because, among other reasons, the wage statements failed to
13 accurately set forth all hours worked, and all hourly rates earned, gross and net wages earned.

14   60.    The wage statements issued to Plaintiff and the putative class were inaccurate and
15 incorrect causing confusion and damage to Plaintiff and the putative class and concealed from
16 them their earnings to which they were entitled to receive by law. As a consequence of
17 Defendants' knowing and intentional failure to comply with section 226(a), Plaintiff and Wage
18 Statement Subclass members are entitled to actual damages or penalties not to exceed $4,000 for
19 each employee pursuant to Labor Code section 226(b), with interest and attorneys' fees and costs.

20                        **SIXTH CAUSE OF ACTION**
                          **WAITING TIME PENALTIES**
21

22   61.    Plaintiff incorporates the preceding paragraphs of this Complaint.

23   62.    Defendants had a consistent and uniform policy, practice, and procedure of willfully
24 failing to timely pay former employees all earned wages. Labor Code sections 201 and 202 require
25 Defendants to pay their employees all wages due within the time required by law. If an employer
26 willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the
27 subject employee's wages until the back wages are paid in full or an action is commenced. Labor
28 Code § 203. The penalty cannot exceed 30 days of wages.

1    63.    Members of the Waiting Time Subclass are no longer employed by Defendants.

2    64.    Defendants willfully failed to pay Waiting Time Subclass Members wages due at

3 termination or within 72 hours of resignation, and failed to pay those sums for 30 days thereafter.

4    65.    Defendants' willful failure to pay wages to the Waiting Time Subclass Members

5 violates Labor Code section 203 because Defendants knew wages were due to the Waiting Time

6 Subclass Members, but failed to pay them.

7                                    **SEVENTH CAUSE OF ACTION**
                            **FAILURE TO REIMBURSE BUSINESS EXPENSES**
8

9    66.    Plaintiff incorporates the preceding paragraphs of this Complaint.

10   67.    Plaintiff and the members of the class he seeks to represent incurred expenses in the

11 performance of their job duties, including the use of personal cell phones. Plaintiff was not fully

12 reimbursed for incurring these necessary and reasonable business expenses.

13   68.    Defendants had a policy which failed to fully reimburse Plaintiff and other similarly

14 situated Class members for expenses, in violation of California Labor Code section 2802.

15   69.    As a result of Defendants' unlawful acts, Plaintiff and class members sustained

16 damages, including loss of expense reimbursements, in amounts to be determined at trial, plus

17 interest, and attorneys' fees and costs.

18                                    **EIGHTH CAUSE OF ACTION**
                                **FAILURE TO PRODUCE RECORDS**
19

20   70.    Plaintiff incorporates the preceding paragraphs of this Complaint.

21   71.    Plaintiff and the members of the class he seeks to represent requested employment

22 records, including pursuant to Labor Code sections 226, 432, 1198.5, the IWC Wage Orders,

23 including IWC Wage Order 5-2001, but Defendants refused to provide all documents to which

24 they are entitled, including signed copies of background authorization forms, time records, and

25 other records required to be produced by these statutes.

26   72.    As a result of Defendants' knowing and intentional failure to comply with these

27 Labor Code sections, Plaintiff and the members of the Records Request Subclass are entitled to

28 recover penalties in amounts to be determined at trial, plus interest, and attorneys' fees and costs.

- 10 -
Class Action and PAGA Complaint

**NINTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**

73.     Plaintiff incorporates the preceding paragraphs of this Complaint.

74.     At all relevant times, Defendants engaged in unlawful and unfair business practices in violation of Business and Professions Code section 17200 et seq. through common and systemic employment policies and practices by failing to provide the employment protections, wages, premiums, reimbursements and other funds and property owed to Plaintiff and the UCL Subclass, as alleged throughout this Complaint, in violation of the Labor Code and IWC Wage Orders.

75.     Defendants' business practices deprived Plaintiff and the UCL Subclass of compensation, reimbursements and other funds to which they are legally entitled, constitutes unlawful and unfair business practices, provides an unfair advantage to Defendants over its competitors who comply with wage and hour and employment laws, and unjustly enriches them.

76.     Because Plaintiff is a victim of Defendants' unfair and unlawful conduct, as alleged in throughout this Complaint, Plaintiff, as an individual and on behalf of the Class Members, seeks restitution of all monies and property withheld, acquired or converted by Defendants pursuant to Business and Professions Code sections 17202, 17203, 17204, and 17208.

77.     Plaintiff and Class Members are entitled to an injunction, restitution, and other equitable relief against such unlawful practices to return all funds over which Plaintiff and Class Members have an ownership interest and to prevent future damage pursuant to Business and Professions Code section 17200 et seq.

**TENTH CAUSE OF ACTION**
**PAGA PENALTIES FOR FAILURE TO PAY ALL WAGES**

78.     Plaintiff incorporates the preceding paragraphs of this Complaint.

79.     As set forth in this Complaint, Defendants violated and are liable pursuant to Labor Code sections 201 through 204, 210, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, and the IWC Wage Orders, by failing to timely pay all wages owed to Plaintiff and aggrieved employees during the PAGA Period.

80.     Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and

1   other recoverable amounts under the foregoing sections of the Labor Code, in addition to under

2   Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for

3   which a civil penalty is not specifically provided.

4        81.    For purposes of this action, Plaintiff, as a representative of the State of California,

5   seeks to invoke Labor Code section 1195.5, which states: "The Division of Labor Standards

6   Enforcement shall determine, upon request, whether the wages of employees, which exceed the

7   minimum wages fixed by the commission, have been correctly computed and paid.   For this

8   purpose, the division may examine the books, reports, contracts, payrolls, and documents of the

9   employer relative to the employment of employees."

10                          **ELEVENTH CAUSE OF ACTION**
               **PAGA PENALTIES FOR MEAL PERIOD VIOLATIONS**

11

12       82.    Plaintiff incorporates the preceding paragraphs of this Complaint.

13       83.    As set forth in this Complaint, Defendants violated and are liable pursuant to Labor

14  Code sections 226.7 and 512 and the IWC Wage Orders for failure to provide compliant meal

15  periods and for failing to pay all meal period premiums in lieu of providing compliant meal

16  periods owed to Plaintiff and aggrieved employees during the PAGA Period.

17       84.    Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and

18  other recoverable amounts under the foregoing sections of the Labor Code, in addition to under

19  Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for

20  which a civil penalty is not specifically provided.

21                          **TWELFTH CAUSE OF ACTION**
               **PAGA PENALTIES FOR REST PERIOD VIOLATIONS**

22

23       85.    Plaintiff incorporates the preceding paragraphs of this Complaint.

24       86.    As set forth in this Complaint, Defendants violated and are liable pursuant to Labor

25  Code sections 226.7 and the IWC Wage Orders for failure to provide compliant rest periods and

26  for failing to pay all rest period premiums in lieu of providing compliant rest periods owed to

27  Plaintiff and aggrieved employees during the PAGA Period.

28       87.    Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and

Class Action and PAGA Complaint

Ex. A, Pg. 43

1   other recoverable amounts under the foregoing sections of the Labor Code, in addition to under

2   Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for

3   which a civil penalty is not specifically provided.

4
**THIRTEENTH CAUSE OF ACTION**
**PAGA PENALTIES FOR FAILURE TO PROVIED ACCURATE**
5
**ITEMIZED WAGE STATEMENTS**

6
88.   Plaintiff incorporates the preceding paragraphs of this Complaint.
7
89.   As set forth in this Complaint, Defendants violated and are liable pursuant to Labor
8
Code sections 226 and 226.3 and the IWC Wage Orders for failure to provide accurate itemized
9
wage statements to Plaintiff and aggrieved employees during the PAGA Period.
10
90.   Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and
11
other recoverable amounts under the foregoing sections of the Labor Code, in addition to under
12
Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for
13
which a civil penalty is not specifically provided.
14
**FOURTEENTH CAUSE OF ACTION**
15
**PAGA PENALTIES FOR FAILURE TO TIMELY PAY WAGES AT SEPARATION**

16
91.   Plaintiff incorporates the preceding paragraphs of this Complaint.
17
92.   As set forth in this Complaint, Defendants violated and are liable pursuant to Labor
18
Code sections 201 through 203 and the IWC Wage Orders for failure to pay all wages owed to
19
Plaintiff and aggrieved employees within the statutorily-proscribed timelines following termination
20
of employment during the PAGA Period.
21
93.   Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and
22
other recoverable amounts under the foregoing sections of the Labor Code, in addition to under
23
Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for
24
which a civil penalty is not specifically provided.
25
**FIFTEENTH CAUSE OF ACTION**
26
**PAGA PENALTIES FOR FAILURE TO REIMBURSE BUSINESS EXPENESES**

27
94.   Plaintiff incorporates the preceding paragraphs of this Complaint.
28
95.   As set forth in this Complaint, Defendants violated and are liable pursuant to Labor

1  Code sections 2802 and 2804 and the IWC Wage Orders for failure to reimburse all necessary

2  expenditures or losses incurred by Plaintiff and aggrieved employees in direct discharge of their

3  employment duties during the PAGA Period.

4        96.    Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and

5  other recoverable amounts under the foregoing sections of the Labor Code, in addition to under

6  Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for

7  which a civil penalty is not specifically provided.

8  **SIXTEENTH CAUSE OF ACTION**
**PAGA PENALTIES FOR FAILURE TO PRODUCE EMPLOYMENT RECORDS**

9

10        97.    Plaintiff incorporates the preceding paragraphs of this Complaint.

11        98.    As set forth in this Complaint, Defendants violated and are liable pursuant to Labor

12  Code sections 226, 432, 1198.5 and the IWC Wage Orders, including IWC Wage Order No. 5, for

13  failure to provide all records upon request, as required by those statutes, to Plaintiff and aggrieved

14  employees during the PAGA Period.

15        99.    Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and

16  other recoverable amounts under the foregoing sections of the Labor Code, in addition to under

17  Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for

18  which a civil penalty is not specifically provided.

19  **SEVENTEENTH CAUSE OF ACTION**
**PAGA PENALTIES FOR FAILURE TO MAINTAIN ACCURATE RECORDS**

20

21        100.    Plaintiff incorporates the preceding paragraphs of this Complaint.

22        101.    Defendants violated Labor Code section 1174 and 1174.5 and the IWC Wage

23  Orders, for failure to maintain accurate wage statement records, including all hours worked and

24  wages paid at the appropriate rate to Plaintiff and aggrieved employees during the PAGA Period.

25        102.    Plaintiff and aggrieved employees seek to recover all recoverable civil penalties and

26  other recoverable amounts under the foregoing sections of the Labor Code, in addition to under

27  Labor Code section 2699(f), which provides a penalty for those provisions of the Labor Code for

28  which a civil penalty is not specifically provided.

## VI.   **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

A.    For certification of this action as a class action;

B.    For appointment of Plaintiff as the representative of the Class;

C.    For appointment of counsel for Plaintiff as Class Counsel;

D.    For injunctive relief;

E.    For compensatory damages in an amount according to proof;

F.    For all interest accrued to date;

G.    For disgorgement of all amounts wrongfully obtained;

H.    For this action to be maintained as a representative action under the PAGA and for Plaintiff and his counsel to be provided with all enforcement capability as if the action were brought by the California Division of Labor Standards Enforcement;

I.    For recovery of civil penalties and other recoverable amounts under the PAGA;

J.    For reasonable attorneys' fees and costs;

K.    For such other relief the Court deems just and proper.

Dated: January 23, 2020                     **COHELAN KHOURY & SINGER**
                                            **FERRARO EMPLOYMENT LAW, INC.**

                                            By: _____
                                                Jeff Geraci, Esq.
                                                Attorneys for Plaintiff Alan Ramirez, individually and
                                                on behalf of others similarly situated

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all claims triable as of right by jury.

Dated: January 23, 2020                     **COHELAN KHOURY & SINGER**
                                            **FERRARO EMPLOYMENT LAW, INC.**

                                            By: _____
                                                Jeff Geraci, Esq.
                                                Attorneys for Plaintiff Alan Ramirez, individually and
                                                on behalf of others similarly situated

- 15 -

Class Action and PAGA Complaint

# EXHIBIT 1



# FERRARO
## EMPLOYMENT LAW

NICHOLAS J. FERRARO
nick@ferraroemploymentlaw.com

November 18, 2019

**NOTICE OF LABOR CODE VIOLATIONS**
**LABOR CODE SECTIONS 2698** *et seq.*

### PAGA NOTICE VIA ONLINE FILING

California Labor and Workforce Development Agency

### PAGA FILING FEE VIA U.S. MAIL

Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, Tenth Floor
San Francisco, California 94102

### PAGA NOTICE VIA EMAIL AND CERTIFIED U.S. MAIL (RETURN RECEIPT)

Defendant:                                    Counsel for Defendant:

**TOWNE PARK, LLC**                           **JACKSON LEWIS, P.C.**
One Park Place, Suite 200                     Guillermo A. Escobedo, Esq.
Annapolis, MD 21401                           Samantha McPherson, Esq.
                                              225 Broadway, Suite 2000
                                              San Diego, CA 92101
                                              Guillermo.Escobedo@jacksonlewis.com
                                              Samantha.McPherson@jacksonlewis.com

Dear Labor Enforcement Officer and Towne Park, LLC Representatives:

This letter serves as Claimant ALAN RAMIREZ's ("Claimant") written notice under Labor Code
section 2699.3 of prior and ongoing violations of the California Labor Code and Industrial Welfare
Commission ("IWC") Wage Orders committed by Defendant TOWNE PARK, LLC ("Defendant").

If the Labor and Workforce Development Agency ("LWDA") does not investigate the facts,
allegations and violations set forth in this notice within the statutorily-prescribed time period under
Labor Code section 2699.3, Claimant intends to seek and recover civil and statutory penalties, wages,
reimbursements, restitution, premiums and other recoverable amounts on behalf of Claimant and all
other aggrieved employees of Defendant under Labor Code section 2698, *et seq.* for all Labor Code

and IWC Wage Order violations committed by Defendant. *See e.g., Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

## FACTUAL STATEMENT

Claimant was employed by Defendant in San Diego County as an hourly, non-exempt "guest service associate," commonly known as a valet attendant, from about May 2019 through September 2019. Wage statements identify Defendant TOWNE PARK, LLC as one of Claimant's legal employers. At all relevant times, Defendant was required to comply with the Labor Code and IWC Wage Orders, including but not limited to IWC Wage Order No. 5.

Defendant violated and is liable pursuant to, among other laws and regulations, California Labor Code sections 201-204b, 210, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, 2800, 2802, 2698 *et seq.* and the IWC Wage Orders, including but not limited to sections 1, 2, 3, 4. 5, 7, 10, 11, 12, 14, 15, 17, 18, 19, 20 and 21 of IWC Wage Order No. 5.

### *Failure to Pay for All Hours Worked*

Defendant failed to pay Claimant and other aggrieved employees for all hours worked at the lawful minimum, regular and overtime rates in accordance with Labor Code sections 201 through 204, 210, 510, 558, 1182.12, 1194, 1194.2, and 1197, 1197.1, 1197.5, and 1198, and the IWC Wage Orders, including but not limited to Wage Order No. 5, and local minimum wage ordinances, including but not limited to San Diego Municipal Code § 39.0107. Claimant and other aggrieved employees were effectively required to work off-the-clock, including during non-compliant meal periods, as a result of Defendant's employment policies and practices. These hours worked went uncompensated.

As a result, Defendant failed to timely pay all minimum, regular and overtime wages owed to Claimant and other aggrieved employees on time each pay day.

### *Failure to Pay Overtime Wages Based on the Regular Rate of Pay*

Defendant failed to pay Claimant and other aggrieved employees overtime in in violation of Labor Code sections 204, 510, 558, 1194 and 1198 and the related sections of the applicable IWC Wage Orders. Claimant and the aggrieved employees were not paid at their lawful overtime rate (i.e., time and a half or double time based on their regular rate of pay) for all overtime hours worked in excess of 8 hours in a workday, 40 hours in a workweek, or for any hours on any seventh consecutive day of work, to the extent Claimant or other aggrieved worked on a seventh consecutive workday or other such hours as further investigation may reveal.

Claimant and other aggrieved employees worked off the clock without compensation, including during uncompensated meal periods and the recorded hours on which they were paid are incorrect. On days Claimant and other aggrieved employees worked off-the-clock, work hours were under recorded and, in shifts of eight hours in one day or forty hours in one week, overtime wages were underpaid.

Defendant failed to pay Claimant and other aggrieved employees overtime based on the correct "regular rate," because it failed to include all required forms of renumeration each pay period. For example, Claimant worked overtime in the following pay periods and was paid overtime based on an incorrect calculation of Claimant's regular rate, resulting in underpayment of overtime wages:

- **08/05/2019 to 08/18/2018 (Check Date: 08/23/2019)**: Claimant worked at two straight time rates ($12 and $13), and the regular rate of pay used to pay Claimant's overtime rate for 1.5 hours worked is misstated, incorrect and results in an underpayment to Claimant.

- **09/02/2019 to 09/15/2019 (Check Date: 09/20/2019)**: Claimant worked at two straight time rates ($12 and $13) and earned a "Holiday Premium," paid as an incentive to work on a day designated by Defendant as a holiday (which he would not have earned had he not worked that day) and earned a shift differential for 4.03 hours at a rate of $2.25 per hour. The regular rate of pay used to pay Claimant overtime for 0.02 hours and 1.80 hours, are misstated, incorrect and result in an underpayment to Claimant.

The foregoing shift differentials, multiple hourly rates, holiday premiums, and other forms were incorrectly factored into Claimant's regular rate of pay, resulting in underpayments to Claimant each pay period. These serve as examples and are not exhaustive of all violations applicable to Claimant. Claimant believes Defendant's policy and practice of failing to properly include and calculate all forms of renumeration in the regular rate when paying overtime, is a common practice that applies to all current and former employees of Defendant during the relevant statutory periods. As a result, Defendant failed to timely pay the full amount of overtime wages owed to Claimant and other aggrieved employees each pay period or upon separation at the lawful regular rate of pay.

### *Meal Period Violations*

Defendant failed to provide timely, off-duty 30-minute meal periods to Claimant and other aggrieved employees within the first five hours of work and second off-duty 30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders. Claimant's actual meal periods were often late, short, interrupted, or missed due to Defendant's policies and practices which did not provide enough coverage for employees to take meal periods and which effectively required employees to skip, work through, or cut short meal periods on certain occasions.

Defendant's policies, practices and management directives required Claimant and other aggrieved employees to clock out for meal periods, regardless of whether meal periods were actually taken. Defendant knew Claimant and other aggrieved employees performed work during meal periods but did not pay all required meal period premiums.

When Defendant did not provide fully-compliant meal periods, Defendant failed to pay Claimant and other aggrieved employees a meal period premium in violation of Labor Code section 226.7.

### *Rest Period Violations*

Defendant failed to authorize or permit ten-minute rest periods for every four hours of work or major faction thereof as required by Labor Code section 226.7 and section 12 of the applicable IWC Wage Order. Similar to Defendant's meal period violations, Claimant was routinely required to work through rest periods as a result of customer and management demands and Defendant's policies, practices and directives which prioritized work demands over compliant rest periods.

On those occasions Defendant did not provide a fully-compliant rest period, Defendant failed to pay Claimant and other aggrieved employees a rest period premium in violation of Labor Code section 226.7, although Defendant did pay Claimant a single rest period premium during his employment. Claimant does not know why he paid for only one rest period premium or why that particular rest period premium was paid but others were not.

### Failure to Reimburse Employee Expenses

Defendant's policies and practices violated Labor Code sections 2800, 2802, and 2804 by failing to reimburse Claimant and other aggrieved employees for work-related use of personal cell phones used to complete duties each workday. Aggrieved employees used personal cell phones to communicate about work-related matters and logistics during the workday. They were not reimbursed for the reasonable value of their monthly cell phone bills in violation of Labor Code sections 2800 and 2802. To the extent Defendant contends Claimant and other aggrieved employees waived the right to expense reimbursement, any waiver is null and void.  Labor Code section 2804.

### Failure to Timely Pay Wages Owed Each Payday

Because Defendant failed to pay all wages (including overtime at the lawful regular rate) and premiums due to Claimant and the other aggrieved employees each pay period, Defendant violated Labor Code sections 204 and 204b and the IWC Wage Orders by failing to pay all wages due on regularly scheduled paydays. Defendant routinely underpaid Claimant and other aggrieved employees or otherwise failed to pay at the lawful rate for all hours worked, and premiums owed, when required to each pay period. As a result, Defendant is separately liable for not paying the full amount owed to Claimant and other aggrieved employees each payday.

### Failure to Pay Amounts Due Upon Separation

Because Defendant failed to pay all wages and premiums owed to Claimant and other aggrieved employees during their employment, Defendant failed to timely pay all wages owed upon separation of employment in violation of Labor Code sections 201 through 203. As a result, Defendant is liable for waiting time penalties under Labor Code section 203.

Independent of the violation described above, Defendant incorrectly identified Claimant's termination as the date it was processed by human resources, rather than the day he was involuntarily terminated. Defendant owes Claimant waiting time penalties for these additional days.

### Failure to Provide Accurate and Complete Itemized Wage Statements

As a result of the routine underpayment and undercalculation of wages and wage rates payable to Claimant and other aggrieved employees described above, Defendant's wage statements are incomplete and inaccurate and do not correctly show all hours paid or earned in violation of Labor Code sections 226 and the IWC Wage Orders. This includes Defendant's failure to pay wages for all hours worked at the lawful and appropriate rate, including the correct regular rate, and failure to pay all meal and rest period premiums, among other reasons.

Independent of those violations, employees cannot determine from Defendant's wages statements, whether, among other things, they are being correctly paid for overtime. For example, in the pay period from 09/02/2019 to 09/15/2019 (Check Date: 09/20/2019), Defendant lists the following overtime hours worked and rates paid.

- Holiday Premium: 6.03 hours at $6.00 per hour
- Overtime: 0.02 hours at $18.13 per hour
- Overtime: 1.80 hours at $19.38 per hour
- Regular Pay Field Hourly: 37.15 at $12 per hour
- Regular Pay Field Hourly: 18.97 at $13 per hour
- Shift Differential: 4.03 at $2.25 per hour

It is unclear why overtime is paid at the listed rates and there no mathematical calculation which can be made to determine what those rates are based on, in violation of Labor Code section 226. The wage statements provided to Claimant and other aggrieved employees do not accurately itemize all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, Claimant and other aggrieved employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information.

These wage statement violations are significant because they sowed confusion among Claimant and other aggrieved employees with respect to what amounts were owed and paid, at what regular and overtime rates, and how those amounts were calculated. These violations affect all aggrieved employees.

### *Failure to Maintain Accurate Payroll Records.*

Because of the violations set forth in this notice, including Defendant's failure to accurately maintain records and record and pay for all hours worked at the appropriate rates, Defendant violated Labor Code section 1174 and the IWC Wage Orders, including section 7 of Wage Order No. 5, by failing to maintain accurate payroll records showing daily hours worked and the wages paid to each employee. As a result, Defendant is liable for a civil penalty of $500 per employee to Claimant and each aggrieved employee. Labor Code section 1174.5.

### *Failure to Allow Inspection or Produce Records to Employees.*

Defendant denied Claimant the opportunity to inspect or obtain employment records pursuant to Labor Code sections 226, 432, 1198.5 and the IWC Wage Orders, including IWC Wage Order No. 5, section 7. Specifically, Defendant refused a request to provide signed copies of Claimant's background check authorization form, his time records, and other records which must be produced pursuant to these employment records laws. As a result, Defendant is liable for all associated penalties to Claimant and all aggrieved employees who requested, or were otherwise entitled to inspect or receive copies of their employment records, but were not provided access to, or copies of, those records.

## CIVIL PENALTIES

Claimant and others similarly situated are "aggrieved employees" within the meaning of California Labor Code sections 2698 *et seq.* Defendant is liable to Claimant, the other aggrieved employees, and the State of California, in an amount according to proof pursuant to California Labor Code sections 558 and 2699(a) and (f), including, but not limited to:

(1) $100 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld;

(2) $100 for each initial failure to pay each employee and $200 for each subsequent violation or any intentional violation pursuant to Labor Code § 225.5, plus 25% of the amount unlawfully withheld.

(3) $50 for each initial willful violation per pay period per employee and $100 for each subsequent violation pursuant to Labor Code § 226;

(4) $250 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period;

(5) $50 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period, plus an amount sufficient to recover the unpaid wages owed to each aggrieved employee;

(6) $500 for each violation per employee pursuant to Labor Code § 1174.5;

(7) $100 for each underpaid employee per pay period and $250 for each underpaid employee per subsequent violation per pay period, plus an amount sufficient to recover underpaid wages, and liquidated damages under Labor Code § 1194.2;

(8) $100 for each initial violation and $250 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period;

(9) $50 for each underpaid employee for each pay period and $100 for each underpaid employee foreach subsequent pay period pursuant to the penalties section (section 20) of the applicable IWC Wage Orders, including but not limited to IWC Wage Order No. 5;

(10) $100 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided pursuant to Labor Code § 2699; and/or

(11) all other civil and statutory penalties for all Labor Code violations based on the facts and allegations of this notice.

Because Defendant maintains all employment records for Claimant and the other aggrieved employees, Claimant anticipates further violations will be discovered when those records are

produced.  Claimant will seek to all penalties based on those existing but presently unknown violations, in addition to penalties for those Labor Code violations set forth in this notice.

If Towne Park or any affiliated employer or agent makes any effort to resolve the claims outlined above with any aggrieved employee, or proposed class member, we will require disclosure and notice of any settlements in order to determine the recovery of our attorney's fees for those settlements, as permitted in California under *Graham v. Daimler Chrysler Corp.* (2004) 34 Cal.4th 553 (catalyst attorneys' fees).  Please be advised any settlements with proposed class members or aggrieved employees after the date of this letter may result in an award of catalyst fees as established in *Graham.*

This letter is intended to protect the interests of proposed class members. *Chindarah v. Pick-Up Stix, Inc.* (2009) 171 Cal.App.4th 796, 801–803.

## CONCLUSION

Claimant requests the LWDA initiate enforcement for the violations described in this letter.  If the LWDA does not pursue enforcement, Claimant will pursue representative claims on behalf of the State of California and the aggrieved employees and will seek all remedies available for violations of the Labor Code and the IWC Wage Orders, including attorneys' fees, costs, interest, and all available penalties set forth in Labor Code section 2699(f) and all other applicable sections of the Labor Code.

Thank you for your attention to this matter.

Sincerely,

*Nicholas J. Ferraro*

Nicholas J. Ferraro, Esq.

Bcc     Claimant:
        Alan Ramirez